[Cite as *State v. Woodward*, 2012-Ohio-632.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                      :

    Plaintiff-Appellee          :     C.A. CASE NO. 24483

vs.                                :     T.C. CASE NO. 10CR2237
                                        10CR3275

JAMES A. WOODWARD               :     (Criminal Appeal from
                                      Common Pleas Court)

    Defendant-Appellant         :

. . . . . . . . .

O P I N I O N

Rendered on the 17th day of February, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Michele D. Phipps, Asst. Pros. Attorney, Atty. Reg. No. 0069829, P.O. Box 972, Dayton, OH 45422
    Attorneys for Plaintiff-Appellee

Marshall G. Lachman, Atty. Reg. No. 0076791, 75 North Pioneer Boulevard, Springboro, OH 45066
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} On July 27, 2010, Defendant James Woodward, was indicted in Case No. 2010CR2237 on one count of aggravated burglary, one count of robbery, one count of kidnapping, and one count of tampering with evidence. These charges arose out of an incident that occurred on July 15, 2010. Defendant's bond was set at $200,000.00.

Subsequently, on September 24, 2010, Defendant entered guilty pleas to the aggravated burglary and robbery charges in exchange for a dismissal of the kidnapping and tampering with evidence charges. The parties agreed that Defendant would receive a sentence between four and eight years.

{¶ 2} On December 2, 2010, Defendant was indicted in Case No. 2010CR3275 on two counts of receiving stolen property. These charges arose out of an incident that occurred on July 4, 2010. Defendant's bond in this case was set at $10,000.00. On December 30, 2010, Defendant entered guilty pleas to both counts of receiving stolen property. The parties agreed that any sentence on the two receiving stolen property charges would run concurrently with each other, but could run either concurrently or consecutively to the sentence imposed in Case No. 2010CR2237 at the trial court's discretion.

{¶ 3} On January 13, 2011, the trial court sentenced Defendant to concurrent eight year sentences in Case No. 2010CR2237 and to concurrent six month sentences in Case No. 2010CR3275, the two terms to be served consecutively for a total sentence of eight and one-half years. The court also granted Defendant a jail time credit of one hundred and fourteen days against his total sentence. Defendant timely appealed to this court from his conviction and sentence in both cases.

{¶ 4} FIRST ASSIGNMENT OF ERROR

{¶ 5} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT ALL THE JAIL-TIME CREDIT HE WAS ENTITLED TO."

{¶ 6} Defendant argues that he is entitled to one hundred and eighty two days of jail time credit, and not just the one hundred and fourteen days the trial court awarded him.

**{¶ 7}** R.C. 2967.191 states:

{¶ 8} The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

**{¶ 9}** If a defendant is sentenced to consecutive prison terms for multiple charges, jail time credit is not applied to each and every prison term as it is for concurrent sentences, but rather is applied but once, to the total term. Ohio Adm. Code 5120-2-04(G); *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. As the Supreme Court in *Fugate, Id.* at ¶ 22, explained:

{¶ 10} When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for

time that the offender has been held. To deny such credit would constitute a violation of the Equal Protection Clause. Therefore we hold that when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term.

{¶ 11} Although concurrent and consecutive prison terms are treated differently when jail time credit is applied, the objective in both instances is the same: to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time they were previously held in jail awaiting trial. *Fugate*, at ¶ 11.

{¶ 12} Defendant claims that he was arrested on July 15, 2010, on Case No. 2010CR2237, and that he remained continuously incarcerated thereafter in lieu of bail until he was sentenced in both cases 2010CR2237 and 2010CR3275 on January 13, 2011, a total of one hundred and eighty-two days. Accordingly, Defendant argues that he is entitled to jail time credit of one hundred and eighty-two days for that period. The trial court awarded Defendant sixty-nine days of jail time credit in Case No. 2010CR2237, and forty-five days in Case No. 2010CR3275, for a total credit of one hundred fourteen days. Defendant argues that at a minimum he is entitled to an additional sixty-eight days of jail time credit.

{¶ 13} The State argues that this record does not support Defendant's argument because the record does not demonstrate the date of Defendant's arrest, and absent that information the record is not sufficient to demonstrate the amount of Defendant's pretrial confinement or allow this court to calculate Defendant's jail time credit. The State

additionally argues that various matters outside this record suggest that some part of the time period while Defendant was incarcerated on other charges would not count as jail time credit.

{¶ 14} An appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). When the record before us on appeal fails to demonstrate appellant's assigned errors, we must presume the regularity and validity of the lower court's proceedings, and affirm. *Id*.

{¶ 15} No issue was raised in the trial court below, including at sentencing, concerning the amount of jail time credit to which Defendant is entitled. As a result, the record was never fully developed on that issue. That same record now before us on appeal does not demonstrate the date of Defendant's arrest, which is necessarily the foundation of his claim that he is entitled to one hundred and eighty-two days of jail time credit. In that circumstance, we must presume the regularity and validity of the trial court's jail time credit calculations, and affirm. *Knapp*.

{¶ 16} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J. And DONOVAN, J., concur.

Copies mailed to:

Michele D. Phipps, Esq.
Marshall G. Lachman, Esq.

Hon. Dennis J. Langer