[Cite as *State v. Inboden*, 2014-Ohio-5762.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 14AP-312 |
| | | (C.P.C. No. 03CR-1317) and |
| v. | : | No. 14AP-317 |
| | | (C.P.C. No. 12CR-5652) |
| Nicholas Inboden, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Todd W. Barstow*, for appellant.

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Nicholas Inboden ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas which denied appellant's motions for jail-time credit. For the following reasons, we affirm the trial court's judgment.

{¶ 2} In case No. 14AP-312 (C.P.C. No. 03CR-1317), on May 3, 2003, appellant pled guilty to aggravated robbery, with a three-year firearm specification. The trial court sentenced appellant to 8 years in prison and gave him 103 days of jail-time credit. In 2008, appellant was granted judicial release and placed on community control. Two years later, the Franklin County Probation Department moved to have community control revoked. The court ordered appellant into inpatient treatment. Probation was ultimately revoked on September 30, 2013. The court credited appellant with 2,055 days, which he had already served in that case, and imposed the remaining days.

{¶ 3}   On the same day, September 30, 2013, the court sentenced appellant in a new case, case No. 14AP-317 (common pleas case No. 12CR-5652).  In that case, appellant pled guilty to possession of drugs, a felony of the first degree, with a one-year firearm specification.  The court imposed a sentence of six years in prison, with no jail-time credit.  The trial court ordered that the sentence in case No. 14AP-317 (C.P.C. No. 12CR-5652) be served concurrently with the balance of the sentence in case No. 14AP-312 (C.P.C. No. 03CR-1317).

{¶ 4}   On March 4, 2014, appellant filed a motion requesting that he be credited with 2,055 days on the new case, case No. 14AP-317 (C.P.C. No. 12CR-5652).  Plaintiff-appellee, State of Ohio ("the state"), filed a memorandum contra.  On March 19, 2014, the court denied appellant's motion.  Appellant then timely appealed.

{¶ 5}   Appellant asserts one assignment of error, as follows:

> The trial court abused its discretion in not awarding appellant appropriate custody credit.

{¶ 6}   At the outset, we note that R.C. 2929.19(B)(2)(g)(iii) states:

> The sentencing court retains continuing jurisdiction to correct any error *not previously raised* at sentencing in making a determination under division (B)(2)(g)(i) of this section.  The offender may, at anytime after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.  If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay.  Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

(Emphasis added.)

{¶ 7}   Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), this court held that motions for jail-time credit were subject to the doctrine of res judicata except for where the alleged calculation error was clerical or mathematical.  This court has consistently held that "the doctrine of res judicata applies to a jail-time credit motion that alleges an erroneous legal determination on jail-time credit." *State v. Roberts*, 10th Dist. No. 10AP-729, 2011-Ohio-1760, ¶ 6.  *State v. Lomack,* 10th Dist. No. 04AP-648, 2005-Ohio-

2716, ¶ 12; *State v. Smiley,* 10th Dist. No. 11AP-266, 2012-Ohio-4126, ¶ 12. " '[A] defendant may only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation.' " *Roberts* at ¶ 6, quoting *Lomack* at ¶ 11. However, " 'if the trial court makes a mathematical mistake, rather than an erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for correction before the trial court.' " *State v. Spillan*, 10th Dist. No. 06AP-50, 2006-Ohio-4788, ¶ 9, quoting *Lomack* at ¶ 11. *State v. Eble,* 10th Dist. No. 04AP-334, 2004-Ohio-6721, ¶ 10.

{¶ 8} R.C. 2929.19(B)(2)(g)(iii), however, states that the court has continuing jurisdiction to correct any jail-time credit error "not previously raised at sentencing," thereby abating the application of the doctrine of res judicata as it relates to issues that could have been raised at sentencing but were not.

{¶ 9} Nevertheless, we determine that R.C. 2929.19(B)(2)(g)(iii) does not apply in this case because the issue raised by appellant in his motion for jail-time credit was previously raised and addressed at sentencing.

{¶ 10} In his motion for jail-time credit, appellant argued that *State v. Fugate*, 117 Ohio St.3d 261 (2008), required the trial court to apply the jail-time credit from case No. 14AP-312 (C.P.C. No. 03CR-1317) to the sentence in case No. 14AP-317 (C.P.C. No. 12CR-5652). The trial court addressed *Fugate* at sentencing, as follows:

> THE COURT: 03CR-1317. There are zero days jail credit.
>
> You know, technically, under *Fugate*, I'll be quite frank with you [defense counsel], I would have run him consecutive, so I'm not going to give him a double bonus, so he gets zero days jail credit on this case. I feel it demeans the situation to do anything but that.
>
> Now, he can appeal me on that one. The Court of Appeals would love to hear that argument, but if I have to bring it back, I may consider what I really want to do.
>
> [DEFENSE COUNSEL]: I don't anticipate an appeal, Judge.

(Tr. 38-39.)

{¶ 11} Therefore, because R.C. 2929.19(B)(2)(g)(iii) does not apply, we consider whether, consistent with our pre-enactment case law, res judicata applies. Appellant

makes a legal argument that he is entitled to jail-time credit pursuant to *Fugate*. He does not claim mathematical or clerical error. Appellant could have, but did not, directly appeal the trial court's legal interpretation of *Fugate* as it applied to his case. Therefore, we determine that res judicata bars appellant's claims now. Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion for jail-time credit.

{¶ 12} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and KLATT, J. , concur

_____