[Cite as *State v. Kilgore*, 2015-Ohio-4717.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26478 |
| | : | |
| v. | : | Trial Court Case No. 1996-CR-163 |
| | : | |
| GREGORY KILGORE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of November, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422      Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Dayton, Ohio 45419      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Gregory Kilgore, appeals from the decision of the Montgomery County Court of Common Pleas dismissing his pro se motion to adjudicate, in which Kilgore moved the trial court to rule on a prior motion to recalculate his jail-time credit. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} In May 1996, Kilgore was convicted and sentenced in the Montgomery County Court of Common Pleas to an aggregate indefinite term of five to fifteen years in prison after he pled guilty to one count of robbery and one count of safecracking. Kilgore was subsequently released from prison and placed on parole in January 2000.

{¶ 3} Shortly after his release, Kilgore was convicted of bank robbery in federal court, for which he served approximately five years in a federal penitentiary. After he was released from the federal penitentiary, he was held in a Kentucky jail pending an extradition hearing for violating his parole in this matter. Kilgore waived extradition and was then transported to Ohio where he was imprisoned for the parole violation until January 9, 2007. Following his release from prison, Kilgore was placed on supervised release at Volunteers of America Halfway House in Dayton, Ohio, from January 9, 2007 until March 21, 2007. Thereafter, from March 21, 2007 until May 30, 2007, Kilgore was on supervised release at Alvis House in Columbus, Ohio.

{¶ 4} Following his release from Alvis House, in October 2007, Kilgore was again arrested and charged with robbing two banks in Columbus. Although initially taking the matter to trial, Kilgore ultimately pled guilty to two counts of robbery in the Franklin County Court of Common Pleas. After entering his guilty plea, Kilgore was sentenced to a total of nine years in prison to be served consecutively to the sentence in the instant matter and concurrently to his sentence in a federal case. Kilgore's conviction was subsequently affirmed on direct appeal in *State v. Kilgore*,

10th Dist. Franklin No. 11AP-660, 2012-Ohio-1316.

{¶ 5} On June 26, 2013, Kilgore filed a pro se motion with the Montgomery County Court of Common Pleas requesting the court to recalculate his jail-time credit to reflect the 142 days of confinement he served at Volunteers of America Halfway House and Alvis House, as well as the 531 days of confinement he served at the Franklin County Jail between his arrest and his adjudication as a parole violator by the Ohio Adult Parole Authority.

{¶ 6} In response to Kilgore's motion, the trial court filed a jail-time credit report entry on June 27, 2013, stating the following:

> This case was referred to the Division of Court Services for a determination of jail time credit in [Case No. 1996 CR 00163]. A review of jail records by the Division of Court Services indicates that the defendant is entitled to 143 days of jail time credit for the above-referenced case up to and including the sentencing date. The Bureau of Sentencing Computation (BOSC) will automatically credit the defendant with the number of days spent in confinement from the date of sentencing to the date of conveyance to the institution. **Mr. Kilgore is requesting additional time served while participating in the Volunteers of America Program and also his time spent at Alvis House. As these are not Community Based Correctional Facilities, * * * no additional jail time credit can be awarded.**

(Emphasis sic.) Jail-Time Credit Report Entry (June 27, 2013), Montgomery County Court of Common Pleas Case No. 1996 CR 00163, Docket No. 59, p. 1.

{¶ 7} On December 31, 2013, Kilgore filed a pro se motion to proceed to judgment in which he requested the trial court to issue a decision on his June 26, 2013 motion to recalculate jail-time credit. The motion to proceed to judgment contained the exact same arguments raised

in the motion to recalculate jail-time credit. In response, on January 7, 2014, the trial court issued a decision and entry dismissing the motion to proceed to judgment on grounds that the motion failed to state a claim upon which relief could be granted since the jail-time credit recalculation issue had already been ruled on via the trial court's entry of June 27, 2013.

{¶ 8} Following that decision, on April 14, 2014, Kilgore filed a pro se motion to adjudicate in which he once again requested the trial court to rule on his June 26, 2013 motion to recalculate jail-time credit. Kilgore's motion to adjudicate reiterated the exact same arguments raised in his previous motions. On October 30, 2014, the trial court issued a decision and entry dismissing the motion to adjudicate on grounds that the June 27, 2013 entry had already addressed the recalculation issue and no issues remained pending before the court.

{¶ 9} Kilgore now appeals from the trial court's October 30, 2014 decision dismissing his motion to adjudicate, raising the following three assignments of error for review:

I. THE TRIAL COURT INCORRECTLY CALCULATED THE NUMBER OF DAYS OF JAIL[-]TIME CREDIT THAT APPELLANT WAS ENTITLED TO WHEN IT EXCLUDED DAYS APPELLANT WAS CONFINED AT ALVIS HOUSE.

II. THE TRIAL COURT INCORRECTLY CALCULATED THE NUMBER OF DAYS OF JAIL[-]TIME CREDIT THAT APPELLANT WAS ENTITLED TO WHEN IT EXCLUDED DAYS APPELLANT WAS CONFINED AT THE VOLUNTEERS OF AMERICA PROGRAM.

III. THE TRIAL COURT INCORRECTLY CALCULATED THE NUMBER OF DAYS OF JAIL[-]TIME CREDIT THAT APPELLANT WAS ENTITLED TO WHEN IT EXCLUDED DAYS APPELLANT WAS IN

CONFINEMENT UNDER HOLD ORDERS, DETAINERS, PAROLE VIOLATION CONFINEMENTS, AND FOR OTHER CONFINEMENTS IMPACTING THE MINIMUM AND MAXIMUM TERM OR PAROLE ELIGIBLITY DATE, ARISING OUT OF THE INSTANT OFFENSE.

**{¶ 10}** Under all three assignments of error, Kilgore challenges the trial court's jail-time credit calculation. Specifically, Kilgore contends in his brief that "the trial court's Jail[-]Time Credit Report entry incorrectly calculated the number of days of jail[-]time credit that [he] was entitled to when it excluded days he was confined at Alvis House, the Volunteers of America Program, and when it excluded additional unreviewed periods of confinement under the instant offense."

**{¶ 11}** "To invoke the jurisdiction of an appellate court, a party must file a notice of appeal in compliance with App.R. 3(D), which requires the designation of the specific 'judgment, order or part thereof appealed from.' " *McCain v. Brewer*, 2d Dist. Darke No. 2014-CA-8, 2015-Ohio-198, ¶ 21, quoting App.R. 3(D). "[A]n appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, ¶ 10.

**{¶ 12}** In this case, Kilgore did not appeal from the June 27, 2013 jail-time credit report entry that provided the calculation of jail-time credit that he is currently challenging on appeal. Instead, Kilgore's notice of appeal specifies that he is appealing from the trial court's October 30, 2014 decision dismissing his motion to adjudicate. Again, the motion to adjudicate was Kilgore's second request for the trial court to rule on his motion to recalculate jail-time credit, which the trial court had already ruled upon via the jail-time credit report entry.

**{¶ 13}** Because we lack jurisdiction to review a judgment or order that is not designated

in the notice of appeal, Kilgore's three assignments of error relating to the trial court's calculation of jail-time credit are not properly before this court. *See State v. Marcum*, 4th Dist. Hocking No. 14CA13, 2014-Ohio-5373, ¶ 9-11,16 (because the defendant's notice of appeal specified that he was appealing from the trial court's decision denying his second motion for additional jail-time credit, the trial court lacked jurisdiction to address the decision denying the first motion for additional jail-time credit).

{¶ 14} Moreover, even if Kilgore had properly designated the judgment he was appealing from, his claims would still be barred by the doctrine of res judicata. "Res judicata may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal." (Emphasis omitted.) *State v. Houston*, 73 Ohio St.3d 346, 347, 652 N.E.2d 1018 (1995), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). "Otherwise, appeals could be filed indefinitely." *State v. Henley*, 2d Dist. Montgomery No. 26604, 2015-Ohio-4113, ¶ 11.

{¶ 15} Res judicata applies to motions for jail-time credit that involve a legal determination, which is a substantive claim as opposed to a mere mathematical or clerical error. *State v. Chafin*, 10th Dist. Franklin No. 06AP-1108, 2007-Ohio-1840, ¶ 11-12. A defendant's claim that he was denied jail-time credit for a category of time to which he believed he was entitled is a substantive claim to which res judicata applies. *Id*. at ¶ 12, citing *State v. Parsons*, 10th Dist. Franklin No. 03AP-1176, 2005-Ohio-457, ¶ 8.

{¶ 16} Here, Kilgore claims in his motion to recalculate jail-time credit that he is entitled to additional jail-time credit for a period of time in which he was on probation at the Volunteers of America Halfway House and Alvis House, as well as the time between his arrest in Franklin County and his adjudication as a parole violator. Because he is claiming that he is entitled to jail-

time credit for these categories of time, he is raising a substantive claim to which res judicata applies.  *See Chafin* at ¶12.

**{¶ 17}** In *State v. Caldwell*, 11th Dist. Lake No. 2004-L-173, 2005-Ohio-6149, the Eleventh District Court of Appeals held that the defendant's appeal from the trial court's decision on his second motion for additional jail-time credit was barred by res judicata.   The defendant in *Caldwell* was convicted of multiple felonies for which he was ordered to serve a prison term with eight days of jail-time credit.   *Id*. at ¶ 2.   The defendant filed a direct appeal from his conviction and sentence, but did not assert an assignment of error with regards to the trial court's jail-time credit calculation.   *Id*. at ¶ 10.   After the defendant's conviction and sentence was affirmed on appeal, the defendant thereafter filed a motion for additional jail-time credit, which the trial court denied.   *Id*. at ¶ 4.   The defendant did not appeal that ruling, but instead filed a second, nearly identical motion for additional jail-time credit the following year.   *Id*. at ¶ 5 and 10.   The trial court denied the second motion and the defendant appealed from that decision.   *Id*. at ¶ 5-6.

**{¶ 18}** The Eleventh District Court of Appeals held that the defendant's appeal from trial court's decision denying his second motion for additional jail-time credit was barred by the doctrine of res judicata because the issue could have been raised on direct appeal from the sentencing judgment and was also previously litigated in a prior proceeding on the defendant's first motion for additional jail-time credit.   *Id*. at ¶ 8-10.   *Accord State v. Walker*, 5th Dist. Muskingum No. CT2007-0062, 2007-Ohio-6624, ¶ 24-28.

**{¶ 19}** The present case is similar to *Caldwell*.   Here, Kilgore did not file a direct appeal from the trial court's June 27, 2013 jail-time credit report entry nor did he appeal from the trial court's decision dismissing Kilgore's first motion for the court to rule on his motion to recalculate jail-time credit.   Instead, Kilgore filed a second, identical motion requesting the trial court to rule

on his motion to recalculate jail-time credit despite the court's previous explanation that it had already done so via the jail-time credit report entry. Accordingly, Kilgore's claims that the trial court erred in its jail-time credit calculation would be barred by res judicata, as he could have challenged the calculation through a direct appeal from the trial court's June 27, 2013 jail-time credit report entry.

{¶ 20} For the foregoing reasons, Kilgore's First, Second, and Third Assignments of Error are overruled and the judgment of the trial court is affirmed. Appellant's untimely motion for oral argument, filed on October 8, 2015, is overruled.

. . . . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
Carlo C. McGinnis
Hon. Richard Skelton for J. Frances E. McGee