[Cite as *State v. Ragland*, 2018-Ohio-3292.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-287 |
| | : | |
| RONALD E. RAGLAND II | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of August, 2018.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, Appellate Division, 200 N. Main Street, Urbana, Ohio 43078
  Attorney for Plaintiff-Appellee

RONALD E. RAGLAND II, #719-944, P.O. Box 209, Orient, Ohio 43146
  Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Ronald E. Ragland II appeals from a judgment of the Champaign County Court of Common Pleas, which denied his motion for jail time credit for 267 days he was held at the Tri-County Regional Jail on unrelated charges in Clark County, Ohio. For the following reasons, the judgment of the trial court will be affirmed.

***Factual and Procedural Background***

{¶ 2} On December 11, 2014, a Champaign County grand jury indicted Ragland on one count of domestic violence in violation of R.C. 2919.25(A)(4), a felony of the third degree, and one count of disrupting public services in violation of R.C. 2909.04(A)(1)(C), a felony of the fourth degree. A warrant for Ragland's arrest issued on the same date was not served until July 1, 2015, when Ragland was located at Pickaway Correctional Institution, where he was imprisoned on a sentence from Clark County C.P. Case No. 2015 CR 018. On September 8, 2015, while still in custody on the Clark County offenses, Ragland entered a plea of guilty to both charges in Champaign County. He then was transported to the Tri-County Jail, where he apparently was held while awaiting sentencing in Champaign County. (See Docket Sheet #32, Warrant for Removal; #33, Sheriff's Return).

{¶ 3} Ragland was returned to Champaign County on October 5, 2015, for sentencing. The Champaign County trial court imposed sentences of 30 months imprisonment on the domestic violence count and 14 months imprisonment on the disrupting public services count, to run concurrently, for a total prison term of 30 months. The court specified, however, that such 30 month sentence was to "be served CONSECUTIVELY to the sentence imposed in Clark County Case No. 2015 CR 018."

(Emphasis sic.) The trial court further found that "[a]ll time" Ragland had "spent in the Tri County Regional Jail shall be credited to the Clark County term of imprisonment," with "no jail time credit" to be applied toward Ragland's Champaign County sentence.

{¶ 4} Ragland filed a direct appeal in the Champaign County case, raising a single assignment of error that objected to the payment plan the trial court imposed for post-confinement repayment of his court-appointed trial attorney's legal fees. *State v. Ragland*, 2d Dist. Champaign No. 2015-CA-036, 2017-Ohio-2783. This Court sustained that assignment of error and ordered the trial court to modify its judgment regarding the repayment of costs and legal fees. *Id.* at ¶15-16.

{¶ 5} Ragland thereafter moved in the trial court for 267 days of jail time credit, representing the span from January 23, 2015, when he says he was arrested on charges in Clark County, through his October 5, 2015 sentencing on the Champaign County offenses. Asserting that Champaign County had "a detainer" on him throughout that period, Ragland argued that such time should be credited toward his Champaign County sentence. The trial court denied that motion, determining that Ragland "is not entitled to the requested credit because the sentences imposed [in Champaign County] run consecutively to his Clark County sentence," and the requested time, as credited to his Clark County sentence, "applied once to his total term of imprisonment."

{¶ 6} Ragland brings this timely appeal from that judgment, setting forth one assignment of error:

THE COURT ABUSED IT'S [sic] DISCRETION WHEN THE COURT MADE A [sic] AMBIGUOUS RULING OF THE ISSUES THAT WERE BEFORE THE COURT, AND IN SO DOING, FAILED TO FULFILL IT'S [sic] FUNCTION AS A JUDICIAL

DUTIES [sic].

{¶ 7} Specifically, Ragland contends that the trial court's ruling was contrary to R.C. 2967.191, which he maintains requires that he be credited for "ALL" time he was in custody while awaiting sentencing in the Champaign County matter. (Emphasis sic.) In essence, Ragland appears to argue that all days he was incarcerated between his Clark County arrest and his Champaign County sentencing should be credited to *both* his Clark County *and* Champaign County sentences.[1]

{¶ 8} In response, the State asserts that Ragland's claim is barred by the doctrine of res judicata, because he could have raised the jail time credit issue in his direct appeal, but did not. Alternatively, the State argues that the trial court correctly applied jail time credit to only one of Ragland's consecutive sentences.

### *Res Judicata*

{¶ 9} Before addressing the merits of Ragland's assignment of error, we must consider the State's contention that the doctrine of res judicata bars Ragland from now appealing a jail time credit issue that he failed to raise on direct appeal. The State cites a single decision of this Court for the proposition that "[r]es judicata applies to motions for jail-time credit that involve a legal determination" rather than "a mere mathematical or clerical error." *State v. Kilgore*, 2d Dist. Montgomery No. 26478, 2015-Ohio-4717, ¶ 15. *Kilgore*, however, does not warrant the result for which the State advocates.

---

[1] The record before us does not disclose precisely when Ragland was convicted on the Clark County charges and how many of the 267 days for which he now seeks jail time credit were time spent actually serving the sentence imposed by the Clark County court. Regardless of the answer to that question, however, he is not entitled to have duplicative credit for those days also applied toward his consecutive Champaign County sentence. *See* below, at ¶ 22.

{¶ 10} In *Kilgore*, we found the appellant's claim to be barred by res judicata not because he failed to raise that claim on direct appeal from his conviction and sentence, but rather because he failed to timely appeal the trial court's denial of the first of a series of motions in which he sought a recalculation of jail time credit. *See id.* at ¶ 5-13. Accordingly, res judicata applied to bar review of the trial court's decision on the merits of Kilgore's jail time credit argument. *Id.* at ¶ 12-13. Because the discussion regarding "legal determination[s]" versus "mere mathematical or clerical error[s]" was not the basis for the actual holding in *Kilgore*, that statement is dicta.

{¶ 11} In addition, we conclude that the above-quoted portion of *Kilgore* no longer represents an accurate statement of law. There, this Court cited 2007 and 2005 decisions of the Tenth District Court of Appeals as authority for the legal propositions stated. *Id.* at ¶15. On September 28, 2012, however, the following statutory provision took effect:

> (iii) The sentencing court retains *continuing jurisdiction* to correct *any error not previously raised at sentencing* in making a determination under division (B)(2)(g)(i)[2] of this section. The offender may, at *any time after sentencing*, file a motion in the sentencing court to correct *any error* made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. * * *

(Emphasis added.) R.C. 2929.19(B)(2)(g)(iii).

{¶ 12} Subsequently, the Ohio Supreme Court explained the significance of that new provision:

> Prior to the enactment of R.C. 2929.19(B)(2)(g)(iii), an offender was

---

[2] R.C. 2929.19(B)(2)(g)(i) relates to the calculation and application of jail time credit.

able to seek correction of an error made in determining jail-time credit only on direct appeal. Motions to correct errors made in determining jail-time credit that were filed outside the time allowed for appeal were barred by the doctrine of res judicata.

Pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit "at any time after sentencing" and the sentencing court has authority to correct any error in determining jail-time credit that was "not previously raised at sentencing."

* * *

(Citations omitted.) *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 11-12. The Court expressly acknowledged that R.C. 2929.19(B)(2)(g)(iii) "created a right that was not otherwise available to an offender who lacked the right to appeal." *Id.* at ¶ 12.

{¶ 13} Since the enactment of R.C. 2929.19(B)(2)(g)(iii) and the Supreme Court's decision in *Thompson*, the dicta from *Kilgore* at ¶ 15 does not represent Ohio law. For example, *State v. Phillips*, 7th Dist. Mahoning No. 16 MA 0003, 2016-Ohio-5194, ¶ 12, noted that the "continuing jurisdiction" granted to sentencing courts by R.C. 2929.19(B)(2)(g)(iii) is *not* limited to mathematical or clerical errors. *Id.* at ¶ 11. That court quoted *Thompson* at ¶ 11-12 as support for the conclusion that an appellant's "motion for jail-time credit on a claim that he was denied credit due to a legal error" is *not* barred by the doctrine of res judicata. *Phillips* at ¶ 12-14.

{¶ 14} In addition, as observed by another Ohio Court of Appeals,

[s]everal courts have held that since R.C. 2929.19(B)(2)(g)(iii) provides that a [trial] court has continuing jurisdiction to correct any jail-time credit error not previously raised at sentencing, this statute abates the application of res judicata as it relates to issues that could have been raised at sentencing but were not.

*State v. Smith*, 11th Dist. Ashtabula No. 2016-A-0059, 2017-Ohio-4123, ¶ 21, citing *State v. Lynch*, 10th Dist. Franklin Nos. 15AP-123, 15AP-124, 15AP-125 and 15AP-126, 2015-Ohio-3366, ¶ 9-11, *State v. Quarterman*, 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, ¶ 8, *State v. Copas*, 4th Dist. Adams No. 14CA996, 2015-Ohio-5362, ¶ 11-12, and *State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0116, 2016-Ohio-5572, ¶ 15. The Eleventh District held that the appeal before it was "not barred by res judicata" because the "appellant's jail-time credit issue was not considered at sentencing." *Smith* at ¶ 22.

{¶ 15} The determination of whether res judicata bars an appellant's post-sentencing jail time credit claim turns not on that claim's nature as one related to "mere mathematical or clerical error[s]" rather than "legal determination[s]," but on whether an appellant did or did not raise the same jail time credit issue at sentencing. *See* R.C. 2929.19(B)(2)(g)(iii); *Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, at ¶ 11-12. If the appellant did not, the doctrine of res judicata does not apply, despite the failure to raise the issue on the direct appeal of the conviction and sentence. *Thompson* at ¶ 12; *see also Smith*, 2017-Ohio-4123, ¶ 21.

{¶ 16} The record reveals that the only discussion of jail time credit at the time of Ragland's sentencing was as follows:

THE COURT: As of today's date, you'll have no jail time credit because all the time you've spent in Tri-County Jail will be credited to your Clark County term of imprisonment. Do you understand that?

[RAGLAND]: Yes, sir.

(Transcript of 10/5/15 Sentencing Hearing, p. 23). The trial court did not specify the number of days of jail time credit that would be applied to Ragland's Clark County sentence, and Ragland raised no challenge to the trial court's statement that no jail time credit would be applied to his Champaign County sentence.

{¶ 17} Based on the sentencing hearing transcript, we conclude that the alleged error regarding jail time credit that is the subject of this appeal was "not previously raised at sentencing" for purposes of R.C. 2929.19(B)(2)(g)(iii). Accordingly, Ragland's sole assignment of error is not barred by the doctrine of res judicata, and we will proceed to address the merits of that claim.

### Standard of Review

{¶ 18} At any time after sentencing, a defendant may file a motion in the sentencing court to correct that court's jail-time credit determination, "and the court may in its discretion grant or deny that motion." R.C. 2929.19(B)(2)(g)(iii). As a result, a trial court's denial of an appellant's motion to correct jail-time credit is subject to review under an abuse of discretion standard. *State v. Dean*, 10th Dist. Franklin Nos. 14AP-173 & 14AP-177, 2014-Ohio-4361, ¶ 5. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." *State v. Miller*, 2d Dist. Montgomery No. 25893, 2014-Ohio-4508, ¶ 22, quoting *State v. Garcia,* 2d Dist. Greene No. 2013-CA-

51, 2014-Ohio-1538, ¶ 10.

### Jail Time Credit

{¶ 19} Ragland contends that the Champaign County trial court erred by denying his motion to have 267 days of jail time credit applied to his sentence imposed by that court. He argues that R.C. 2967.191 requires that he be credited for "ALL time in incarceration while awaiting trial" on the Champaign County charges. (Emphasis sic.) Ragland suggests that the authority on which the trial judge relied[3] for applying any jail time credit only to Ragland's Clark County sentence and not also to his consecutive Champaign County sentence is "good law," but inapplicable to his situation because Champaign County "placed a detainer on [his] person."

{¶ 20} R.C. 2967.191 states in pertinent part:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a

---

[3] Ragland specifically mentions both *State v. Woodard*, 2d Dist. Montgomery No. 24483, 2012-Ohio-632 and *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, the two cases on which the Champaign County judge relied as the basis for denying Ragland's motion for jail time credit.

juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner * * * by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

{¶ 21} In applying that statute, we previously have stated:

If a defendant is sentenced to consecutive prison terms for multiple charges, jail time credit is not applied to each and every prison term as it is for concurrent sentences, but rather is applied but once, to the total term. Ohio Adm.Code 5120-2-04(G); *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. As the Supreme Court in *Fugate, id.* at ¶ 22, explained:

When a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence. However, when a defendant is sentenced to concurrent terms, credit must be applied against all terms, because the sentences are served simultaneously. If an offender is sentenced to concurrent terms, applying credit to one term only would, in effect, negate the credit for time that the offender has been held. * * *

*State v. Woodward,* 2d Dist. Montgomery No. 24483, 2012-Ohio-632, ¶ 9-10.

{¶ 22} The Ohio Supreme Court's decision in *Fugate* makes clear that a defendant given consecutive sentences on multiple charges has no right "to multiply his single period of pretrial confinement by the number of convictions entered against him." *See Fugate* at ¶ 20, quoting *State v. Callender*, 10th Dist. Franklin No. 91AP-713, 1992 WL 21247 (Feb. 4, 1992) as "accurately reflect[ing] the proper approach to applying jail-time credit to consecutive prison terms." On this appeal, Ragland seeks to accomplish precisely what the Supreme Court has held he may not, i.e., to "multiply" a purported 267 days of pretrial confinement into a 267-day credit toward his Clark County sentence and another 267-day credit toward his subsequent Champaign County sentence, for a total credit of 534 days.

{¶ 23} Ragland's argument focuses on the "total number of days" language of R.C. 2967.191, evading the import of the "for any reason arising out of the offense for which the prisoner was convicted and sentenced" language that follows. He addresses the latter phrase only by implying that because he was subject to a detainer from Champaign County while confined on the Clark County charges, his confinement arose out of the Champaign County offenses. Ragland offers no authority for the distinction he attempts to draw on that basis. In fact, a prior decision of this Court supports the opposite conclusion. *See State v. Gall*, 2016-Ohio-2748, 51 N.E.3d 703, ¶ 30 (2d Dist.).

{¶ 24} In *Gall*, we stated that "[t]ime served pursuant to an unrelated prior conviction does not arise out of a subsequent conviction even though a detainer is in effect during the period of incarceration." *Id.*, quoting *State ex rel. Larkins v. Ohio Adult Parole Auth.,* 10th Dist. Franklin No. 89AP-1348, 1991 WL 16140, * 1 (Feb. 8, 1991). We therefore concluded that the fact that a detainer for one jurisdiction was in effect while a defendant was serving his sentence in another jurisdiction did not mean that the first

sentence "arose from" the latter offenses for purposes of R.C. 2967.191. *Id.* Appellant's "detainer" argument is not well taken.

{¶ 25} The record demonstrates that in denying Ragland's motion for jail time credit, the Champaign County trial court properly determined that any jail time credit accumulated by Ragland should be credited only to his Clark County sentence, and not also to the Champaign County sentence that was to run consecutively to the Clark County sentence. We therefore overrule Ragland's sole assignment of error.

### Conclusion

{¶ 26} For the foregoing reasons, the judgment of the trial court will be affirmed.

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Jane A. Napier
Ronald E. Ragland, II
Hon. Nick A. Selvaggio