[Cite as *State v. Brandon*, 2021-Ohio-1328.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-41 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-293 |
| | : | |
| DONTESZ BRANDON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of April, 2021.

. . . . . . . . . .

IAN RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
       Attorney for Plaintiff-Appellee

DONTESZ BRANDON, #A775-576, P.O. Box 69, London, Ohio 43140
       Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Dontesz Brandon appeals, pro se, from the trial court's order overruling his motion for jail-time credit. Brandon did not show that he was entitled to additional jail-time credit, so we affirm.

## I. Factual and Procedural Background

{¶ 2} In June 2017, Brandon was convicted of tampering with evidence and sentenced to prison for two-and-a-half years. In February 2019, he was granted transitional control release; he was to complete his sentence in the Volunteers of America Program. Brandon absconded in April, and a warrant was issued for his arrest.

{¶ 3} On April 25, 2019, Springfield police officers saw Brandon and attempted to arrest him. He fled but was soon caught, arrested, and put in jail. While fleeing, Brandon committed the offenses of failure to comply with an order or signal of a police officer and endangering two children. On May 13, 2019, Brandon was indicted on these offenses in Clark C.P. No. 2019-CR-293. In September 2020, Brandon posted bond and was released, but less than a month later, on September 30, he was arrested and charged with carrying a concealed weapon, improper handling of a firearm in a motor vehicle, and having weapons while under a disability. He was indicted on these offenses the following month in Clark C.P. No. 2019-CR-659.

{¶ 4} Brandon pleaded guilty to the charges in the first case (Case No. 2019-CR-293), the case currently on appeal; on November 5, 2019, the trial court sentenced him to 30 months in prison for failure to comply and 180 days in jail for each of two counts of endangering children. The court ordered the sentences to run concurrently and gave Brandon no jail-time credit. Brandon did not appeal.

**{¶ 5}** In June 2020, Brandon pleaded guilty to improper handling of a firearm in the second case (Case No. 2019-CR-659), and the other charges were dismissed. On the plea form, under the "Agreement" section, was handwritten: "Credit Time Served 36 days September 30, 2020 [sic] through November 5, 2020 [sic]." (We assume that the year should have been listed as 2019.) The trial court sentenced Brandon to nine months in prison, to be served consecutively to the sentence in Case No. 2019-CR-293, and the court credited him with 36 days for jail-time served. Brandon did not appeal from this conviction.

**{¶ 6}** The following month, July 2020, Brandon filed a motion to correct jail-time credit in the first case (Case No. 2019-CR-293), requesting additional days of credit. The trial court denied the motion, finding, based on its review of the court and jail records, that Brandon was not entitled to any additional jail-time credit.

**{¶ 7}** Brandon appealed.

## II. Analysis

**{¶ 8}** Brandon's sole assignment of error alleges that the trial court abused its discretion by denying his motion to correct jail-time credit.

**{¶ 9}** "An appellant bears the burden of showing error by reference to matters in the record." *State v. Woodward*, 2d Dist. Montgomery No. 24483, 2012-Ohio-632, ¶ 14, citing *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). "When the record before us on appeal fails to demonstrate appellant's assigned errors, we must presume the regularity and validity of the lower court's proceedings, and affirm." *Id.*, citing *Knapp*.

**{¶ 10}** In his motion, Brandon stated that in Case No. 2019-CR-293, he was held

in custody from the date of his arrest on April 25, 2019, until September 3, 2019, (131 days) and from September 30, 2019, until March 23, 2020 (174 days), for a total of 305 days. Brandon said that he had been credited with 140 days, so he requested an additional 165 days of credit.

{¶ 11} Brandon began serving his prison sentence in Case No. 2019-CR-293 on November 5, 2019. According to the website of the Ohio Department of Rehabilitation and Correction (ODRC), Brandon was given 140 days of jail-time credit, which was the number of days between November 5, 2019, and March 23, 2020. We gather from this that Brandon did not actually arrive at the prison for a while. At any rate, he was given credit for that time spent in jail after sentencing in Case No. 2019-CR-293, and he was given credit for the 36 days from September 30 until November 5, which he spent in jail being held in Case No. 2019-CR-659.

{¶ 12} The only possible additional jail-time credit to which Brandon could be entitled would have to come from the period between April 25 and September 3. But the evidence suggests that Brandon was being held to serve the remainder of his 2017 sentence in the prior case during this time. Indeed, it was for absconding in that case that he was arrested, although he was also fleeing and a few weeks later he was charged with offenses related to the officers' efforts to arrest him in Case No. 2019-CR-293. We note that Brandon was released from jail around the time that his sentence in the prior case ended. According to a memorandum from transitional control in the presentence investigation report (PSI), Brandon's expected release date in the prior case was August 24, 2019. He was actually released a few days later, on September 3. An ODRC report in the PSI contains a comment noting, "PRC RELEASE EFFECTIVE 9/2/19." But the

docket in Case No. 2019-CR-293 shows that Brandon posted bond on September 3, and in his PSI statement, Brandon said that he was released on September 3. Regardless, this all suggests that Brandon was being held to serve the remainder of his sentence in the 2017 case during the relevant time. And Brandon certainly thought that he was being held to serve out his prior sentence; he said in his PSI statement that when he was arrested on April 25, "the Parole Authority put a detainer on him which allowed [him] to finish out his prison sentence while in the Clark County Jail," and that "he finished his sentence on September 3, 2019 and was subsequently released from jail."

{¶ 13} Lastly, we note that, by statute, a prison term imposed for failure to comply, as in Case No. 2019-CR-293, must be served "consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender." R.C. 2929.14(C)(3). Therefore, when Brandon was serving the remainder of his 2017 sentence from April 25, 2019 until September 3, 2019, he did not get credit against his 30-month failure to comply sentence in Case No. 2019-CR-293, because that new sentence had to be served consecutively to the prior case.

{¶ 14} On the record before us, then, we agree with the trial court that Brandon does not appear to be entitled to any more jail-time credit.

### III. Conclusion

{¶ 15} The sole assignment of error is overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Ian Richardson
Dontesz Brandon
Hon. Richard J. O'Neill