[Cite as *State v. Priest*, **2023-Ohio-3769.**]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| WILLIAM B. PRIEST, | : | Case No. 2023 CA 00002 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
Court of Common Pleas, Case No.
2021 CR 00568

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 13, 2023

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

JENNY WELLS      BRIAN A. SMITH
Licking County Prosecuting Attorney      123 S. Miller Rd., Suite 250
     Akron, Ohio 44333
By: KENNETH W. OSWALT
Assistant Prosecuting Attorney
20 S. Second Street, 4th Floor
Newark, Ohio 43055

*Baldwin, J.*

{¶1}   William B. Priest appeals the decision of the Licking County Court of Common Pleas denying his request to modify the jail time credit awarded him during sentencing.  The State of Ohio is appellee.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}   Priest contends that the trial court erred when it refused to modify the jail time credit it issued during the sentencing hearing and journalized in the judgment entry issued December 15, 2022. We find that the record demonstrates that Priest made the same request at trial, the trial court denied the request and that Priest did not appeal that decision.  As a result, the issue is barred by the doctrine of res judicata, the trial court no longer had jurisdiction to consider the merits of his claim and the denial was not error.

{¶3}   The facts underlying the charges filed against Priest are not pertinent in the consideration of this appeal and are therefore not discussed.

{¶4}   Priest plead guilty to Possession of a Fentanyl-Related Compound, a second-degree felony and violation of R.C. 2925.11(A)(C)(11)(d);  Trafficking in a Fentanyl-Related Compound, a second-degree felony and violation of R.C. 2925.03(A)(2)(C)(9)(e); and, Aggravated Possession of Methamphetamine, a fifth-degree felony and violation of R.C. 2925.11(A)(C)(1)(a) and conceded to the applicability of the forfeiture specification for $788.00 in U.S. currency, being brought pursuant to R.C. 2981.02(A)(l)(B) and 2941.1417(A). The first two charges were merged for purposes of sentencing and the State elected to proceed to sentencing on the Trafficking Count.  The trial court sentenced Priest to an aggregate sentence of four to six years on these

charges, with an additional year for a violation of post-release control, resulting in a sentence of five to seven years.

{¶5} The following exchange took place between the trial court and Priest's trial counsel at the sentencing hearing on April 26, 2022:

> He's been incarcerated now for six months and plus, so he's already had some consequences for what he's doing. It also means he has no income at this point in time. We would ask, of course, that he receive credit for the time that he has been in jail.

(Defense Counsel, Sentencing Hearing Transcript, p. 17, Lines 7-12)

> THE COURT: On that basis today, Mr. Priest, I will impose a term of 4 years in the state penitentiary on Count 2. I find Counts 1 and 2 merge. The State's elected on Count 2. I'll impose a nine month term on Count No. 3. I'll impose 1 year of your post-release control time of which you have 2 years left. Since that's been running, I don't think you get any jail-time credit since you've been serving out your PRC.

(Trial Court, Sentencing Hearing Transcript, p. 19, Lines 22-25)

> Do you have any questions about that sentence or those appellate rights or that jail credit calculation, Mr. Priest?
>
> DEFENDANT: No, sir.

(Sentencing Hearing Transcript, p. 23, Lines 4-7)

> MR. OBORA: Your Honor, the jail credit would apply towards the PRC time? Is that what –
>
> THE COURT: I think so.

(Sentencing Hearing Transcript, p. 23, Lines 21-23)

{¶6}     Priest did not appeal from this decision, but filed a motion to correct jail-time credit on August 1, 2022. Within the motion Priest claimed he was entitled to 195 days of jail-time credit. The trial court denied the motion on December 15, 2022 and Priest filed an appeal with one assignment of error:

{¶7}     "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR JAIL TIME CREDIT, IN VIOLATION OF APPELLANT'S RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 2 OF THE OHIO CONSTITUTION."

## STANDARD OF REVIEW

{¶8}     A trial court's denial of a motion to correct jail-time credit filed pursuant to R.C. 2929.19(B)(2)(g)(iii) is reviewed under an abuse-of-discretion standard. *State v. Ragland*, 2d Dist. Champaign No. 2018-CA-11, 2018-Ohio-3292, ¶ 18. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

## ANALYSIS

{¶9}     Priest asked the trial court to grant him 195 days of jail-time credit, claiming that the trial court erred during sentencing when it refused to award him any credit and decided that he was incarcerated for violating his post-release control in an unrelated case. The trial court stated that his time served would be credited against the PRC

sentence. Priest relies on the language of R.C. 2929.19(B)(2)(g)(iii) to support his request:

> (iii) The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay. Sections 2931.15 and 2953.21 of the Revised Code do not apply to a motion made under this section.

**{¶10}** Prior to the adoption of this statute, errors in jail-time credit were reviewable by direct appeal, and with the exception of mathematical or clerical errors, failure to file a timely appeal resulted in a bar to further consideration of the jail-time credit under the doctrine of res judicata. R.C. 2929.19(B)(2)(g)(iii) granted trial courts "continuing jurisdiction to correct any jail-time credit error 'not previously raised at sentencing,' thereby abating the application of the doctrine of res judicata as it relates to issues that could have been raised at sentencing but were not." *State v. Inboden,* 10th Dist. Franklin Nos. 14AP-312, 14AP-317, 2014-Ohio-5762, 2014 WL 7463000, ¶ 8 as quoted in *State v. Krupansky*, 5th Dist. Ashland No. 19-COA-024, 2020-Ohio-749, ¶ 17.

**{¶11}** Priest had the burden to first establish that the trial court had jurisdiction to hear the matter by showing that subject of his motion was not previously raised at

sentencing and then to provide proof to support his contention that the trial court abused its discretion by not granting the credit Priest contends he is due.

{¶12} The record shows that the error that Priest describes in his motion was raised at sentencing by trial counsel. Trial Counsel moved for jail-time credit during the sentencing hearing when he noted that Priest had been "incarcerated now for six months and plus" and asked "that he receive credit for the time that he has been in jail." (Sentencing Hearing Transcript p. 17, lines 7-12). The trial court denied the motion finding that Priest was not entitled to "any jail time credit since [he had] been serving out [his] PRC." (Sentencing Transcript, page 19, lines 24-25). The trial court journalized its order and awarded zero days of jail-time credit in the sentencing entry. Priest did not appeal from the trial court's order, but instead relies upon his interpretation of R.C. 2929.19(B)(2)(g)(iii) to preserve his claim.

{¶13} Priest contends that because his trial counsel did not object to the trial court's denial of the motion for jail-time credit, the "error was not previously considered" and the trial court retained jurisdiction to consider the matter. His argument implies that because his trial counsel did not alert the trial court that it had made an error, and instead remained silent, his right to pursue a motion under 2929.19(B)(2)(g)(iii) was preserved. We reject this argument as absurd.

{¶14} The cases cited by Priest in support of this argument, when read closely, do not support this result. Priest directs us to *State v. Johnson,* 4th Dist. Highland No. 16CA26, 2017-Ohio-4213, but the Fourth District found that the trial court lacked jurisdiction to consider the claim because Johnson did not establish that "his claim was not considered by the trial court at his June 2007 sentencing hearing." *Id.* at ¶ 21. The

same result was reached in a second case cited by Priest where the court found that the trial court had no jurisdiction because "Johnson has failed to demonstrate that his claim was "not previously raised at sentencing" such that the trial court had any authority or jurisdiction pursuant to R.C. 2929.19(B)(2)(g)(iii) to correct the alleged error." *State v. Johnson,* 12th Dist. Fayette No. CA2020-06-008, 2021-Ohio-1629, ¶ 18. Likewise, the Eleventh District found: "This provision allows a defendant to raise an issue regarding his jail-time credit in a post-conviction motion, but only when the issue was not considered during the sentencing hearing. If an issue was raised and considered at the time the trial court rendered its original credit ruling, it cannot be asserted again in a motion for additional credit. *State v. Smith,* 10th Dist. Franklin Nos. 15AP–209 and 15AP–214, 2015–Ohio–4465, ¶ 9 as quoted in *State v. Guiterres*, 11th Dist. Trumbull No. 2015-T-0116, 2016-Ohio-5572, ¶¶ 15-16. The Tenth District in *State v. Inboden* found that "R.C. 2929.19(B)(2)(g)(iii) does not apply in this case because the issue raised by appellant in his motion for jail-time credit was previously raised and addressed at sentencing." *State v. Inboden,* 10th Dist. Franklin No. 14AP-312, 2014-Ohio-5762, ¶ 9.

{¶15} Priest also cites to our decision in *State v. Marshall*, 5th Dist. Delaware No. 18 CAA 11 0091, 2019-Ohio-1810, ¶¶ 12-13, but the issue in that case was whether 2929.19(B)(2)(g)(iii) applied to Marshall's case. Marshall's request to correct an error in jail-time credit was filed two years after sentence was imposed, and the trial court found it untimely. We found that because she was sentenced after the effective date of 2929.19(B)(2)(g)(iii) the trial court's finding of untimeliness was error, but we concluded that Marshall was not entitled to jail-time credit based upon the facts. *Id.* at ¶¶ 14-17. The

issue of whether the trial counsel preserved the matter for appeal was not before us in that case.

**{¶16}** Priest's request for jail-time credit was previously considered by the trial court, thus the exception provided by R.C. 2929.19(B)(2)(g)(iii) does not apply and his motion is barred by the doctrine of res judicata. Under the facts of this case, the trial court had no jurisdiction to consider Priest's request so the trial court's denial of the motion for jail-time credit was not error.

**{¶17}** Priest's assignment of error is denied and the decision of Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Hoffman, J. concur.