DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas allocating jail time served between two separate cases. Because we conclude that appellant was not properly credited with the jail time served, we reverse and modify the trial court's judgment.
 {¶ 2} Appellant, David Scott Mitchell, pled guilty and was convicted of burglary in September 1998. He was sentenced to three years community control and six months to be served at the local jail, the Correctional Training Facility ("CTF"). Over the next two years, appellant had two community control violations. The first one resulted in the imposition of an additional six months to be served at CTF. The second violation occurred when appellant was arrested on July 6, 2000, and charged with escape. Until his arrest on July 6, 2000, appellant had served 205 days at CTF for the burglary conviction.
 {¶ 3} On December 15, 2000, appellant was convicted of the escape offense and sentenced to four years in prison at the Ohio Department of Rehabilitation and Corrections ("ODRC"). He was also sentenced to six months in prison at ODRC for the community control violation in the burglary case, to be served prior to and consecutively to the escape sentence. The trial court credited him with 678 days in the escape case, but this was later divided by the ODRC, with 183 days going to the burglary case, and 495 days plus an additional 10 days of conveyance time credited to the escape case. Appellant ultimately challenged this division, filing a motion for jail time credit with the court to have the matter corrected, arguing that the 678 days should have been credited directly to his escape charge. The trial court denied his motion.
 {¶ 4} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 5} "The trial court erred to the prejudice of appellant, and abused its discretion, when it denied his motion for jail time credit without addressing any of the claims in the motion, which had the effect of leaving appellant having to serve the same sentence twice."
 {¶ 6} R.C. 2967.191 provides that:
 {¶ 7} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner, * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." Confinement in any community-based correctional facility ("CBCF") constitutes confinement for purposes of R.C. 2967.191. See State v. Napier (2001),93 Ohio St.3d 646; State v. Snowder (1999), 87 Ohio St.3d 335. See, also, State v. Brody (Feb. 9, 2001), 11th Dist. No. 2000-L-018; State v.Fair (Jan. 28, 2000), 3d Dist. No. 2-99-29; State v. Hines (1999),131 Ohio App.3d 118, 121; State v. Dugan (Dec. 10, 1999), 4th Dist. No 99 CA 04; State v. Rice (July 2, 1999), 5th Dist. No. 99CA0019.
 {¶ 8} Generally, after an arrest for a community control violation, any days in confinement count only toward the sentence for the offense for which the community control violation was imposed. See State v.Miller, 6th Dist. No. H-04-002, 2004-Ohio-6654. Pursuant to R.C. 2967.191, a defendant is entitled to credit for only those times he was confined in connection with the instant offense. State ex. rel. Gillen v. Ohio AdultParole Authority (1995), 72 Ohio St.3d 381. A defendant is not entitled to credit, however, for time served while incarcerated for offenses unrelated to the instant offense. Id.; State v. McWilliams (1998),126 Ohio App.3d 398, 399. In other words, jail time will not be credited more than once, even though multiple offenses may have occurred involving the community control violation.
 {¶ 9} In this case, appellant was first incarcerated in CTF, a community based correctional facility, as a direct result of his burglary conviction. At the time of the indictment for the escape offense, appellant had already served 205 days in CTF as a result of the original sentence and the subsequent additional six months sentences due to his first community control violation. When appellant again violated the community control conditions, however, the two CTF sentences for the burglary conviction were essentially converted from twelve months of local jail time to six months at ODRC. Since the time spent at CTF directly arose from the burglary offense, pursuant to R.C. 2967.191, appellant was entitled to credit for that time towards the prison sentence for that offense. Appellant gets no credit for the extra 22 days (205 days minus 183 days) served at CTF, since those days were served solely due to the burglary charge, and were not related to or served by reason of the later escape conviction.
 {¶ 10} We will now determine the number of days to be credited towards the escape conviction. After appellant was arrested on July 6, 2000, he was held in jail on both the community control violation as well as the escape charge. As we previously noted, at the time of his arrest on the escape charge, appellant was already entitled to credit for the 205 days served prior to that time in connection with the burglary charge. Properly crediting of those days extinguished the prison sentence for the burglary conviction. Consequently, any time served after his arrest in July 2000, must be credited towards the sentence for the escape offense. Not including the days of arrest and based upon the following dates and places of confinement as shown in the record, we calculate the following number of days to be credited:

 July 6, 2000 to July 20, 2000 LCCC 14
 September 25, 2000 to October 2, 2000 LCCC 7
 December 6, 2000 to December 26, 2000 LCCC 20
 December 27, 2000 through September 4, 2002 ODRC 617
 September 5, 2002 to September 10, 2002 LCCC 5
 May 11, 2004 to May 28, 2004 LCCC 17
 Total at the time of sentencing 680
 {¶ 11} The trial court originally credited appellant with 678 days in the escape conviction case in a judgment entry dated June 1, 2004. According to a letter from the ODRC Division of Legal Services, however, through some sort of "contact" with the trial court judge's office, the Assistant Chief at the ODRC Bureau of Sentence Computation was "told" to allocate those days as follows: 183 days to the burglary case and the remaining 495 days plus 10 days of conveyance time to the escape conviction. Since appellant should have been credited for his previous CTF time in the burglary case, this division was incorrect. When appellant was conveyed to ODRC on June 8, 2004, his sentence for the burglary conviction was completed. As a result, according to our calculations based upon the evidence in the record, he should have been credited with 690 days (680 days plus 10 days for conveyance time) toward his escape conviction sentence. Therefore, the trial court erred as a matter of law in its calculation of the jail time to be credited to appellant.
 {¶ 12} Accordingly, appellant's sole assignment of error is well-taken. Pursuant to App.R. 12(B), we render judgment and order the ODRC to credit appellant with 690 days of prior jail time, served as of June 8, 2004, toward the sentence for the escape conviction.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is modified as previously discussed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Skow, J. concur.