DECISION AND JUDGMENT
{¶ 1} Appellant, Rhett E. Bainter, appeals the trial court's decision not to award jail-time credit for time held in custody during the pendency of his case for his failure to register as a sexually oriented offender, 2007-CR-110. Because we conclude that the pretrial incarceration was unrelated to his sentencing in the immediate matter with regards to R.C. 2967.191, we affirm. *Page 2 
 {¶ 2} This case arises out of appellant failing to register as a sexually oriented offender in violation of R.C. 2950.04(e). In failing to register, appellant violated the conditions of his already existing parole and it was therefore revoked. On July 3, 2007, a warrant was issued for appellant's arrest and he was subsequently arrested on July 5, 2007, with bail set at $50,000 and no ten percent deposit allowed. Bail was never posted and the July 6 bond order indicated that appellant was held in custody during the pendency of the sexually oriented offender case, due to the prior parole violations.
 {¶ 3} At the September 28, 2007 plea change hearing, appellant pled guilty to the fourth degree felony of attempted failure to register as a sexually oriented offender which has a maximum term of 18 months and a fine of up to and including $5,000 plus court costs. At the sentencing hearing on January 3, 2008, the court assessed 12 months imprisonment to run concurrently with the sentence the Ohio Parole Authority would ultimately impose for appellant's parole violation. Appellant now appeals setting forth the following sole assignment of error:
 {¶ 4} I. "Appellant was denied due process of law when the trial court failed to grant defendant credit for pre-trial confinement."
 {¶ 5} R.C. 2967.191 dictates when a prisoner's sentence shall be reduced by jail time credit for time in which he previously spent incarcerated. R.C. 2967.191 provides in pertinent part:
 {¶ 6} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner *Page 3 
was confined for any reason arising out of the offense for which theprisoner was convicted and sentenced." (Emphasis added.)
 {¶ 7} Appellant was arrested for violating the conditions of his parole and was therefore incarcerated while awaiting trial on the immediate matter, failure to register as a sexually oriented offender. Although the incarceration may appear to be related in that a failure to register is a parole violation, along with the numerous other "technical violations," the two offenses are not related under the definition of R.C. 2967.191. "Generally, after an arrest for a community control violation, any days in confinement count only toward the sentence for the offense for which the community control violation was imposed."State v. Mitchell, 6th Dist. Nos. L-05-1122, L-05-1123, 2005-Ohio-6138, ¶ 8. Appellant's incarceration was instead founded on his parole violations and not his attempted failure to register as a sexually oriented offender.
 {¶ 8} Additionally, appellant recognized the distinction between the two purposes for his incarceration on multiple occasions. During the plea change hearing on September 28, 2007, the court asked appellant whether he was presently serving any time. Appellant spoke exclusively about serving time for the technical violations of his parole. "I'm waiting on a decision right now from the Parole Board. I was recommended re-parole the 15th of this month for technical violations." During the sentencing hearing on January 3, 2008, appellant declared that he had been "punished for [the] technical violations" of his parole but "[n]ot this one," indicating that he had not been punished for his attempted failure to register as a sexually oriented offender. *Page 4 
 {¶ 9} Appellant next relies on the recent decision State v.Fugate holding that "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." State v.Fugate, 117 Ohio St.3d 261, 2008-Ohio-856, syllabus. Fugate, however, is inapplicable in this situation because appellant is not entitled to jail-time credit. The jail-time credit appellant is requesting, from July 5, 2007 to January 3, 2008, did not run concurrent to his immediate incarceration for attempted failure to register. Appellant was incarcerated because of the parole violation; this is a distinct punishment. The fact that appellant was incarcerated during the pendency of his attempted failure to register case does not automatically mean that the incarceration "ar[ose] out of the offense for which the prisoner was convicted and sentenced" under R.C. 2967.191. Moreover, there is no ambiguity in the record as to the purpose for which appellant was incarcerated. During the January 3, 2008 sentencing hearing the court asked whether appellant had been punished for this violation, to which appellant's counsel responded "[n]ot this one. I am asking the Court to consider that the sentence run concurrent to what he basically has already received, but give him credit for the time served even though technically the Court can't do that." Because appellant is not entitled to jail-time credit, Fugate is inapplicable.
 {¶ 10} In sum, "R.C. 2967.191 requires that jail[-time] credit be given only for the time the prisoner was confined for any reason arising out of the offense for which he was convicted and sentenced. It does not entitle a defendant to jail-time credit for any period *Page 5 
of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." State v.Goehring, 6th Dist. No. OT-03-035, 2004-Ohio-5240, ¶ 9; citing State v.Dawn (1975), 45 Ohio App.2d 43. Because appellant was incarcerated awaiting trial in this matter due to an unrelated parole violation, the trial court committed no reversible error and we affirm. Appellant's sole assignment of error is found not well-taken.
 {¶ 11} The judgment of Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, P.J., Thomas J. Osowik, J., CONCUR. *Page 1