**[Cite as *State v. Thomas*, 2024-Ohio-5851.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No.  WD-24-001 |
| Appellee | Trial Court No. 2020 CR 0490 |
| v. | |
| Benjamin Thomas | **<u>DECISION AND JUDGMENT</u>** |
| Appellant | Decided:   December 13, 2024 |

\* \* \* \* \*

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Dan M. Weiss, for appellant.

\* \* \* \* \*

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Benjamin Thomas, from

the judgment of the Wood County Court of Common Pleas journalized on December 5,

2023. For the reasons that follow, we affirm.

**Assignment of Error**

THE TRIAL COURT ERRED WHEN IT FAILED TO NOTIFY

THE APPELLANT OF HIS JAIL-TIME CREDIT AT HIS

SENTENCING.

## Background

{¶ 2} On November 19, 2020, Thomas was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree. He did not appear for his arraignment on December 14, 2020, and a warrant was issued. He was arraigned on January 4, 2021, and released upon his own recognizance. Thomas failed to appear at his next pretrial, his bond was revoked, and a warrant was issued. He was arrested on the warrant, appeared in court by video and again was released upon his own recognizance. Once more, he again failed to appear for a pretrial on June 21, 2021, so his bond was revoked, and a warrant was issued.

{¶ 3} On November 21, 2022, a request for early disposition was filed which stated that Thomas was, at that time, imprisoned in Richland Correctional Institute because of a conviction out of Hancock County, and his sentence was set to expire on September 29, 2023. A pretrial was held on January 9, 2023, where bond was set at $5,000, no 10%.

{¶ 4} On September 18, 2023, Thomas pled guilty to an amended Count 1, attempted trespass in a habitation, a violation of R.C. 2923.02 and 2911.12(B) and (E), a felony of the fifth degree. Thomas's attorney stated that Thomas was due to be released from prison the following day and requested an own recognizance bond, which was granted. The State later filed two motions to revoke the bond based on Thomas's violation of his bond conditions. Thomas then failed to appear for his sentencing on November 6, 2023, and the State's motion was granted, his bond was revoked, and a warrant issued.

2.

**{¶ 5}** On November 17, 2023, he was arrested and served with the warrant and on November 27, 2023, he appeared in court and a $20,000 cash bond, no 10% was ordered. On December 4, 2023, Thomas appeared for sentencing. His attorney raised the issue of credit for time served, and stated that Thomas:

> [W]as initially arrested on this, he did serve some time, was ordered on his own recognizance. And then in November of 2022, he filed a request for disposition with the State of Ohio. He was brought back on …January 4th of 2023, and a cash bond was issued in the amount of $5,000. He then remained in the Wood County Jail, wasn't returned to DRC, and stayed here until June, and was then brought back again at the end of August to take care of the matter, he pled on September 18th.
> We would ask for, if the Court would, ultimately, as to a sentence, give him credit from January 4th until, really, September 18th because there was a cash bond all that time. There's also an additional 17 days that he's been in custody since November 17th on this matter.
> …
> And 33 days at the very beginning.

**{¶ 6}** Based upon this calculation, Thomas's attorney believed they were "close to 365 days," stating that "[t]he probation department has him at 211 days plus the days for his most recent arrest, which would be 17 days, which would put him at 228…" The State merely requested that the court "calculate the credit time in accordance with the law."

**{¶ 7}** Thomas was then sentenced to 12 months in the Ohio Department of Rehabilitation and Corrections ("ODRC"). The court stated that Thomas would "receive credit for any time that you've served according to the law" and requested that the arguments regarding credit be placed in writing. The judge stated that the sentencing entry would be submitted "with the dates that the Court believes you're owed," but could be amended once the briefing was done. The judgment entry, journalized on December 3.

5, 2023, stated that Thomas was "to be given credit for jail time as specified in R.C. 2967.191," that that "[t]he Court has been informed that [Thomas] has been incarcerated for thirty-seven (37) days in the Wood County Justice Center as of the sentencing date on this case." The court also noted that Thomas alleged he served more days prior to sentencing than were listed in the presentence report and ordered Thomas to file a brief explaining the number of days served by December 11, 2023, with the State's response due December 18, 2023.

{¶ 8} Thomas filed his motion for pretrial custody credit on December 11, 2023. In it, he contended that he was entitled to 6 days for the period of December 30, 2020, through January 4, 2021, 9 days for the period from March 21, 2021, to March 29, 2021, 276 days for the period from January 9, 2023, to September 25, 2023, and 14 days prior to sentencing. He acknowledged that he was serving a prison sentence in the ODRC during the 2023 incarceration but argued that he was still entitled to credit from January through June 2023, as he was housed at the Wood County Corrections Center, and therefore "was unavailable for programming including staying at a halfway house." He then, without explanation, requested credit for 241 days, or, alternatively, 225 days if the court relied upon the 211 days referred to in the presentence report, and added the 14 days earned prior to sentencing. The State did not file a response. Thomas filed his notice of appeal on January 2, 2024. On February 15, 2024, the trial court found that it was without jurisdiction to consider Thomas's motion for pretrial custody credit due to the appeal.

4.

**Analysis**

{¶ 9} R.C. 2967.191 requires the ODRC to "reduce the prison term of a prisoner … by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." The trial court makes the factual determination as to the number of days that a defendant is entitled to have credited toward his sentence. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 2003-Ohio-2061, ¶ 7.

{¶ 10} Similarly, Adm.Code 5120-2-04(B) states that "[t]he sentencing court determines the amount of time the offender served locally before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and include this information within the sentencing entry…"

{¶ 11} Thomas contends that the court erred by failing to notify him of his jail-time credit at sentencing. He also maintains that the court did not determine the amount of time he served locally before sentencing him. We will consider these arguments in reverse order.

{¶ 12} Upon review, we note that Thomas's second argument was not raised in his assignment of error. "App.R. 12(A)(1)(b) mandates that 'a court of appeals shall […] [d]etermine the appeal on its merits on the assignments of error set forth in the briefs under App.R. 16[ …]' For this reason, it is well settled that '[a]ppellate courts determine appeals on the basis of assignments of error rather than arguments in support of assignments of error.'" *Med. Mut. of Ohio v. FrontPath Health Coalition*, 2023-Ohio-243, ¶ 96 (6th Dist.), quoting *Bodager v. Campbell*, 2013-Ohio-4650, ¶ 32 (4th Dist.).

5.

Here, Thomas's assignment of error was specifically limited to arguing that the trial court "erred when it failed to notify the appellant of his jail-time credit at his sentencing," and makes no mention of any error related to his credit for time served locally. Therefore, this argument is not before us for consideration.

{¶ 13} However, assuming arguendo that it was properly before us, we do not find error. The burden is on Thomas to establish that the trial court erred in its jail-time credit calculation. *State v. Corpening*, 2019-Ohio-4833, ¶ 27 (11th Dist.). Thomas has not specifically detailed what local time he believes he is entitled. Rather, he quotes his attorney's argument at sentencing that Thomas is entitled to credit from January 4 until September 18, as well as 17 days he was in custody "since November 17th" and "33 days at the very beginning," and takes issue with the court's credit of 37 days which is "not consistent with Appellant's request or the probation department's determination of 211 days."

{¶ 14} The law is clear that "[a] defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case." *State v. Cupp*, 2018-Ohio-5211, ¶ 24. The record shows that Thomas was serving an unrelated prison sentence until September 19, 2023, which, as he concedes in his motion seeking jail-time credit, covers the January through September timeframe. Therefore, the trial court did not err by excluding that time. Moreover, we do not find that Thomas has otherwise established that the trial court erred in its calculation. Although his attorney referenced "33 days at the very beginning," this does not match the argument raised in his motion, where only a period of six days and a period of nine days

6.

are mentioned.  Therefore, we do not find that Thomas has established an error in the trial court's calculation.

{¶ 15} Thomas's first argument, and his assigned error, is that the trial court erred in not notifying him of his jail-time credit at sentencing.  R.C. 2929.19(B)(2)(g)(1) requires that the trial court, at the sentencing hearing, "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term[.]"

{¶ 16} Upon review, while the trial court did award jail-time credit in its sentencing judgment entry, it did not at the sentencing hearing.  Instead, after Thomas's attorney raised the issue of jail-time credit, the court requested that the parties brief the issue.  Thomas's attorney did not object to the court's pronouncement, and thus we are limited to a plain error review of this issue.  Under the doctrine of plain error, Thomas must show "that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal [is] necessary to correct a manifest miscarriage of justice." *State v. West*, 2022-Ohio-1556, ¶ 22, quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 16.

{¶ 17} Here, we do not find plain error.  Thomas was awarded jail-time credit in his judgment entry, and, as we discussed above, we do not find that the trial court erred in its calculation of jail-time credit.  A similar result was reached in *State v. Carpenter,*

7.

2017-Ohio-9038, ¶ 32 (4th Dist.), where the court declined to find plain error where the sentencing entry stated appellant was entitled to jail-time credit and the appellant raised the issue regarding the exact number of days to which he was entitled on direct appeal.

{¶ 18} For the reasons discussed above, we find Thomas's assignment of error not well-taken.

### Conclusion

{¶ 19} The judgment of the Wood County Common Pleas Court is affirmed. Pursuant to App.R. 24, Thomas is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.        _____
                                             JUDGE

Myron C. Duhart, J.         

                                                _____

Chales E. Sulek, P. J.                                                JUDGE
CONCUR.

                                                _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.