[Cite as *State v. McCormick*, 2025-Ohio-5549.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. Nos. 2025-CA-15; 2025-CA-16 |
| Appellee | : | |
| | : | Trial Court Case Nos. 24-CR-0838; 23-CR-0365(A) |
| v. | : | |
| | : | |
| LATISHA McCORMICK | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 12, 2025, these appeals are dismissed as moot.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,



_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

**OPINION**

NICOLE K. DIETZ, Attorney for Appellant
ROBERT C. LOGSDON, Attorney for Appellee

EPLEY, P.J.

**{¶ 1}** Defendant-Appellant Latisha McCormick appeals from the judgments of the Clark County Court of Common Pleas after she pled guilty to forgery and violating a protection order and was sentenced to a total of eight months in prison. For the reasons that follow, we dismiss McCormick's appeals as moot.

## I.      Facts and Procedural History

**{¶ 2}** On February 20, 2025, McCormick entered guilty pleas to one count of forgery and one count of violating a protection order. The trial court sentenced McCormick to an agreed upon eight months in prison (eight months for each count served concurrently), awarded her 107 days of jail-time credit, and ordered restitution in the amount of $168.02.

**{¶ 3}** McCormick has filed notices of appeal challenging the amount of jail-time credit.

## II.     Mootness and Jail-Time Credit

**{¶ 4}** In her lone assignment of error, McCormick argues that the trial court erred by failing to notify her of the total number of days of jail-time credit to which she was entitled. It appears that the trial court notified her that she was entitled to 100 days of credit during the disposition, but the judgment entry listed 107 days.

**{¶ 5}** R.C. 2967.191 states that "the department of rehabilitation and correction shall reduce the stated prison term of a prisoner . . . by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." *See also State v. Ragland*, 2018-Ohio-3292, ¶ 20 (2d Dist.). The statute

2

only requires that credit be given for the time the prisoner was confined for the offense for which he or she was sentenced, not for time that arose from acts which are different from the current conviction. *State v. Bainter*, 2009-Ohio-510, ¶ 10 (6th Dist.).

{¶ 6} The defendant "bears the burden of showing error by reference to matters in the record. When the record before us on appeal fails to demonstrate appellant's assigned errors, we must presume the regularity and validity of the lower court's proceedings and affirm." (Citations omitted.) *State v. Woodward*, 2012-Ohio-632, ¶ 14 (2d Dist.).

{¶ 7} When an appellant's prison term has been completed at the time of appeal, the question of whether the appropriate number of jail-time credit days has been awarded is moot. "[U]nder Ohio law, once a defendant has completed a prison sentence, any alleged error relating to the calculation of jail-time credit becomes moot as there is no longer an existing case or controversy." *State v. Jama*, 2018-Ohio-1274, ¶ 14 (10th Dist.), citing *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-2348, ¶ 1-2; *State ex rel. Compton v. Sutula,* 2012-Ohio-1653, ¶ 5; *Crase v. Bradshaw*, 2006-Ohio-663, ¶ 5; *State v. Lynch*, 2015-Ohio-3366, ¶ 7 (10th Dist.).

{¶ 8} In this case, we cannot reach the merits of McCormick's claim because the matter is now moot. McCormick was sentenced on February 20, 2025, which means her eight-month sentence would have been completed in late October 2025 even without any jail-time credit. We take judicial notice of the Ohio Department of Rehabilitation and Correction's website, www.appgateway.drc.ohio.gov/OffenderSearch, and confirm that she is no longer listed as an inmate. *See State v. Flowers*, 2019-Ohio-4366, ¶ 4 (2d Dist.) (taking judicial notice that appellant's name is not listed on the ODRC website). Because she has completed her sentence, we have no ability to provide McCormick with any meaningful remedy on appeal. Accordingly, these appeals are moot and must be dismissed.

### III.    Conclusion

**{¶ 9}** Appeals dismissed.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.