[Cite as *State v. Gumm*, 2026-Ohio-211.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

    Appellee

v.

Leslie A. Gumm

    Appellant

Court of Appeals No. E-24-046

Trial Court No. 20200CR00106

**DECISION AND JUDGMENT**

Decided: January 23, 2026

* * * * *

Kevin J. Baxter, Prosecuting Attorney and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee

Michael H. Stahl, for appellant

* * * * *

**OSOWIK, P.J.**

{¶ 1} This is a delayed appeal from the August 15, 2025 journalized judgment entry by the Erie County Court of Common Pleas, which, upon the second reversal and remand from this court, *State v. Gumm*, E-22-054 (6th Dist. Oct. 6, 2023), resentenced

appellant, Leslie Allante-Napoleon Gumm, to an aggregate sentence of eight years after the trial court accepted appellant's guilty pleas to ten of eighteen felony offenses and convicted him of them: two counts of burglary, one count of failure to comply, and seven counts of grand theft.[1]

{¶ 2} Prior to the second reversal and remand by this court under App.R. 12(D), the trial court ordered in its first resentencing judgment entry journalized on November 16, 2022, "Defendant shall receive 687 days credit for time served as of November 9, 2022. Any prior prison time will be calculated by the Ohio Department of Rehabilitation and Corrections." The trial court further ordered, "the institution shall credit defendant for time served from the date of sentencing until reception at said facility."

{¶ 3} Also prior to the second reversal and remand by this court, by judgment entry journalized on December 27, 2022, the trial court explained the purpose of its nunc pro tunc entry of that November 16 entry:

> This case shall be amended NUNC PRO TUNC to correct a typographical error in the Judgment entry filed on November 16, 2022, in that defendant's jail time credit[2] from the Erie County Jail as of November 9, 2022 should be '376 days.' The Judgment Entry shall read as follows: . . . Defendant shall receive 376 days credit for time served as of November 9, 2022. Any prior prison time will be calculated by the Ohio Department of Rehabilitation and Corrections. . . . [T]he institution shall credit defendant for time served from the date of sentencing until reception at said facility.

---

[1] These are count Nos. one, two, and four through 11 as stated in *State v. Gumm*, 2022-Ohio-2287, ¶ 2 (6th Dist.).

[2] "The term 'jail-time credit' is used as shorthand for custody credit" under R.C. 2967.191. *State v. Fugate*, 2008-Ohio-856, ¶ 1, fn. 1.

2.

{¶ 4} Under Crim.R. 36, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." The December 27 journalized nun pro tunc entry did not replace the original November 16 journalized judgment entry but related back to it. *State v. Thompson*, 2014-Ohio-4751, ¶ 43.

{¶ 5} In this appeal, appellant does not challenge the knowing, intelligent, and voluntary nature of his guilty pleas negotiated with appellee, State of Ohio, in case No. 2020-CR-0106. Rather, appellant's sole assignment of error is, "The trial court erred when it failed to properly determine Mr. Gumm's jail time credit and failed to conduct a hearing on the matter."

{¶ 6} In its sentencing judgment entry journalized on August 15, 2025, the trial court ordered the sheriff to convey appellant to the Lorain Correctional Institution at Grafton, Ohio for his imprisonment and confinement. The trial court further ordered, "Defendant shall receive 648 days credit for time served as of August 7, 2024. Any prior prison time will be calculated by the Ohio Department of Rehabilitation and Corrections." The trial court further ordered, "the institution shall credit defendant for time served from the date of sentencing until reception at said facility."

{¶ 7} In support of his sole assignment of error, appellant argues he met his burden to show an error in the jail-time credit calculation, citing *State v. Hearn*, 2021-Ohio-86, ¶ 19 (6th Dist.). Appellant argues that as of August 7, 2024, he was entitled to 687 days of jail-time credit, which is "an additional 311 days of credit" to the 376 days ordered by the trial court in its now-reversed December 27, 2022 journalized entry.

3.

Citing *State v. Dobbins*, 2020-Ohio-726, ¶ 18-19 (12th Dist.), appellant argues the appropriate jail-time credit calculation was fixed at 687 days ordered by the trial court in its now-reversed November 16, 2022 entry and that the trial court impermissibly took away those 311 days "without stating a reason," However, the December 27 nunc pro tunc entry explained it was to correct a typographical error in the prior entry "that defendant's jail time credit from the Erie County Jail as of November 9, 2022 should be '376 days.'"

{¶ 8}   Appellant further argues that during his resentencing hearing on August 7, 2024, "the court appeared to agree that Mr. Gumm should receive a combination of jail and prison time credit from March 9, 2020, . . . but did not calculate any specific time . . . [and] applied a lesser jail time credit without conducting any factfinding or calculation on the record." When appellant's counsel was unsure on the record whether March 9, 2020, was the date appellant was first arrested and entered the Erie County Jail, the trial court responded, "and that should be in the sentencing entry," which the court already described as, "So the sentence should be, in adherence to the [plea] agreement, 8 years, and he gets the credit that he's currently done."

{¶ 9}   Appellant concludes that the increase from 376 days of jail-time credit as of November 9, 2022, to 648 days as of August 7, 2024, was also without explanation because "Mr. Gumm does not know why." Yet, the transcript of the August 7 hearing shows appellant's counsel addressed the court prior to the plea colloquy:

> I would have to say if there's any client in the world that understands the procedures it is Mr. Gumm. . . . He just had legal issues that he wanted explained to him and have time to read. And, fortunately, the Court gave us

4.

enough time that we were able to discuss it, and give him the cases and stuff so that I'm very confident that the plea, which is forthcoming today, will have been done knowingly, intelligently, and voluntarily. And, again, we thank the Prosecutor's office. They were not vindictive. They're allowing him to re-plead to the same thing. They didn't have to. And we appreciate their understanding and patience of this matter. Thank you.

{¶ 10} Then appellant changes his argument for 687 days of jail-time credit by citing to *State v. Williams*, 2024-Ohio-5578, ¶ 88 (5th Dist.) and R.C. 2929.19(B)(2)(g)(iii).[3] Appellant argues that on April 11, 2025, or seven months after filing his notice initiating this appeal, he filed with the trial court a motion to add 259 days to the 648 days of jail-time credit the trial court ordered as of August 7, 2024, or a total of 907 days. However, according to the calculations in his motion, appellant actually argues he is entitled to a total of 1,607 days of jail-time credit as of August 21, 2024: (a) two days at the Wood County Jail from March 9 to March 11, 2020; (b) 15 days at the Erie County Jail from March 11 to March 26, 2020; (c) 280 days at the Egler Reception & Guidance Center in Jackson, Michigan from March 26, 2020, to January 7, 2021; (d) 282 days at the Erie County Jail from January 7 to October 15, 2021; (e) 308 days with the Ohio Department of Rehabilitation and Corrections ("ODRC") from October 15, 2021, to August 23, 2022; (f) 86 days at the Erie County Jail from August 23 to November 19, 2022; (g) 372 days with ODRC from November 19, 2022, to November

---

[3] "The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under [R.C. 2929.19(B)(2)(g)(i)].. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under [R.C. 2929.19(B)(2)(g)(i)], and the court may in its discretion grant or deny that motion." R.C. 2929.19(B)(2)(g)(iii).

5.

28, 2023; and (h) 262 days at the Erie County Jail from November 28, 2023, to August 21, 2024.

{¶ 11} Appellee opposed appellant's motion because, due to appellant's numerous convictions in other jurisdictions, he mistakes those offenses for the offenses for which he was convicted and sentenced under case No. 2020-CR-0106, which is the only trial court case in this appeal. Appellee argued that under R.C. 2967.171(A), appellant had, in fact, only served a total of 648 days for his offenses convicted and sentenced under case No. 2020-CR-0106 as of his resentencing on August 7, 2024 as follows: (a) 15 days at the Erie County Jail from March 13 to March 27, 2020; (b) 293 days at the Erie County Jail from January 7 to October 26, 2021; (c) 86 days at the Erie County Jail from August 24 to November 17, 2022; and (d) 254 days at the Erie County Jail from November 28, 2023, to August 7, 2024. Appellant's jail-time credit calculations are similar when filtered for the Erie County Jail confinements.

{¶ 12} Citing *State v. Bainter*, 2009-Ohio-510, ¶ 10 (6th Dist.), appellee argued that R.C. 2967.191 only requires jail-time credit for the time appellant was confined for any reason arising out of the offenses for which he was convicted and sentenced under case No. 2020-CR-0106, and not for periods of confinement in Michigan, ODRC, and Wood County, Ohio for unrelated offenses. For example, the time appellant was incarcerated in Michigan was for a parole violation for home-invasion offenses unrelated to case No. 2020-CR-0106, and appellant's four-day confinement in the Wood County Jail from March 9 to March 13, 2020, was for two unrelated convictions and sentences by the Perrysburg Municipal Court "with a hold for Erie County." Citing *State v. Garver*,

6.

2017-Ohio-1107, ¶ 19 (11th Dist.), appellee argued the existence of the Erie County holder on the unrelated Perrysburg Municipal Court convictions and sentences did not trigger any jail-time credit under R.C. 2967.191.

{¶ 13} "We review an error in the computation of jail-time credit under R.C. 2953.08(G)(2)." *State v. Kleinhans*, 2023-Ohio-2621, ¶ 19 (6th Dist.). "Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, decrease, modify, or vacate and remand a disputed sentence if it is demonstrated that either the record does not support the statutory findings or the sentence is otherwise contrary to law." *Id.*

> The statute governing jail-time credit, R.C. 2967.191, requires the "department of rehabilitation and correction" to "reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial." Pursuant to R.C. 2929.19(B)(2)(g)(i), the trial court must calculate the number of days to be credited against the sentence, and include the total number of days in the sentencing entry. (Citations omitted.)

*Id.* at ¶ 20. "The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced." R.C. 2929.19 (B)(2)(g)(i).

{¶ 14} We agree with appellee that the statute governing jail-time credit. R.C. 2967.191, is clear and shall not include appellant's confinements in Michigan, ODRC, and Wood County, Ohio for offenses that did not arise out of his convictions and sentences in case No. 2020-CR-0106. *State v. Thomas*, 2024-Ohio-5851, ¶ 14 (6th Dist.),

7.

citing *State v. Cupp*, 2018-Ohio-5211, ¶ 24; *State v. McCormick*, 2025-Ohio-5549, ¶ 5 (2d Dist.), citing *State v. Bainter*, 2009-Ohio-510, ¶ 10 (6th Dist.); *State v. Mitchell*, 2005-Ohio-6138, ¶ 8 (6th Dist.), citing *State ex. rel. Gillen v. Ohio Adult Parole Authority*, 72 Ohio St.3d 381 (1995). In no event will jail time be credited more than once for confinements in connection with case No. 2020-CR-0106. *Id.*

{¶ 15} There is no evidence in the record with which to reach a different conclusion that the correct calculation of appellant's Erie County jail-time credit for his offenses convicted and sentenced under case No. 2020-CR-0106 is 648 days as of his resentencing on August 7, 2024, and appellant, who bears the burden of proof, provides only vague, confusing, and contradictory information. *Thomas* at ¶ 13. The laws for jail-time credit lay out a two-step process: first, the trial court makes a factual determination as to the number of days of confinement appellant is entitled to have credited to his sentence, and, second, ODRC then applies that court-determined jail-time credit to appellant's sentence reduce the stated prison term.

> R.C. 2967.191 requires the ODRC to "reduce the prison term of a prisoner ... by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." The trial court makes the factual determination as to the number of days that a defendant is entitled to have credited toward his sentence. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 2003-Ohio-2061, ¶ 7. Similarly, Adm.Code 5120-2-04(B) states that "[t]he sentencing court determines the amount of time the offender served locally before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and include this information within the sentencing entry ..."

8.

**{¶ 16}** *Id.* at ¶ 9. The foregoing means that ODRC may not ignore the trial court's factual determination of appellant's 648 days of jail-time credit as of his August 7, 2024 resentence in case No. 2020-CR-0106 to substitute its own judgment. *State ex rel. Rankin* at ¶ 8. "Jail-time credit does not shorten an offender's prison sentence; it credits the offender with the time already spent in confinement prior to sentencing so that he does not serve more time than is imposed by his sentence." *State v. Clinkscale*, 2025-Ohio-2043, ¶ 11. The final calculation by ODRC under R.C. 2967.191 will appropriately include the court-ordered additional credit for "time served from the date of sentencing until reception at said facility." That final calculation by the ODRC is appropriately not part of the trial court's jail-time credit calculation in its sentencing entry. *State v. Novoa*, 2023-Ohio-3595, ¶ 38 (7th Dist.).

**{¶ 17}** We also agree with appellee that the "Erie County holder" for appellant's confinement in Wood County for unrelated convictions and sentences did not trigger R.C. 2967.191(A). *Garver*, 2017-Ohio-1107, at ¶ 19 (11th Dist.); *State v. Moore*, 2016-Ohio-3510, ¶ 18 (11th Dist.) (no jail-time credit for time served on unrelated offenses running concurrently during the pre-detention phase of the other matter).

**{¶ 18}** Appellant's sole assignment of error is not well-taken.

**{¶ 19}** On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

9.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik

---
                                                 JUDGE

Myron C. Duhart

---
                                                 JUDGE

Charles E. Sulek

---
CONCUR.                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.